**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIELA N. LOPEZ,

    Plaintiff,

No. C-06-4971 PJH

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**

    v.

UNIVERSITY OF CALIFORNIA,
SAN FRANCISCO,

    Defendant.
_____/

    Pro se plaintiff Gabriela N. Lopez ("Lopez") filed this action on August 17, 2006, alleging discrimination, harassment, and retaliation based on gender and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and on the basis of age pursuant to the Age Discrimination in Employment Act ("ADEA"). Subsequently, on August 21, 2006, Lopez filed a first amended complaint ("1AC"). The 1AC also alleges claims of discrimination, harassment, and retaliation, in violation of Title VII and the ADEA. Defendant is the University of California San Francisco ("UCSF").

    According to the allegations in the 1AC, plaintiff was employed by the UCSF, apparently in a laboratory, where the alleged incidents occurred from August 2002 through 2005. Plaintiff alleges a number of specific incidences giving rise to her claims, including that unspecified UCSF employees and/or administrators put a biohazard waste bag at her desk, thereby blocking access to her bench; failed to put plaintiff's payroll, academic title,

or position on the Yamamoto Lab web site; and otherwise isolated her by failing to invite her to parties, place her email address on a group list, or place her photograph on a common site along with other employee photographs.

Plaintiff alleges that none of the other laboratory employees, which included ten men, endured the treatment that she did. Plaintiff alleges that her contract was not renewed, or alternatively, that she was terminated, and that she did not receive promised salary increases and promotions.

Plaintiff claims she filed an informal complaint with the UCSF on March 4, 2005, and filed a formal complaint with the same office on March 30, 2005. She also states that she filed an interim grievance with UCSF on April 21, 2005.

On July 14, 2005, plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"). *See* Exh., 8/17/06 Complaint. She alleged harassment, discrimination, and retaliation on the basis of her sex, age, and national origin. On July 13, 2006, the EEOC issued a right to sue letter, concluding that "[b]ased upon its investigation, [it] is unable to conclude that the information obtained establishes violations of the statutes."

**DISCUSSION**

A.   Legal Standard

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." In reviewing an application to proceed IFP, the court may dismiss a case sua sponte if it determines that the party applying for IFP status has filed a frivolous action, or that the complaint fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (superseded by statute on other grounds).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in law or fact only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990). A complaint fails to state a claim if it is clear the plaintiff cannot prove any set of facts entitling the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Unlike other motions to dismiss, the court need not accept as true all of the plaintiff's factual allegations in an IFP application. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Rather, the court may dismiss facts that are "clearly baseless," "fantastic," and "delusional." *Id.* While the court may not dismiss factual allegations that are merely unlikely, it is within the district court's discretion to decide whether an IFP application contains frivolous claims. *Id.* at 33.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the pleading set forth 1) a short and plain statement of the grounds for jurisdiction; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for judgment. The pleading must give fair notice of the claim being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). However, pleading of evidentiary facts is not required. *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1184 (E.D. Cal. 2005); Schwarzer, Tashima, & Wagstaffe, *Federal Civil Procedure Before Trial*, § 8:28.1.

The court must construe the complaint liberally in favor of the pleader. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969). Pro se pleadings are construed even more liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), especially when they involve civil rights claims. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (opinion amended in 1990). A pro se litigant bringing a deficient civil rights claim must be given notice of the deficiencies with leave to amend the pleadings unless an amendment cannot cure the deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (superceded by statute on other grounds).

3

A party bringing a federal employment discrimination claim is not required to establish a prima facie case in the pleadings. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002). Nevertheless, the court sets forth the requirements for a prima facie case as follows, for the benefit of the parties in this case.

A prima facie case of disparate treatment under Title VII requires the plaintiff to show: 1) she was subject to verbal or physical conduct of a racial or sexual nature; 2) she was qualified for the position she held; 3) she was terminated from that position; and 4) the job went to someone outside the protected class. *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005). This framework also applies in ADEA cases unless the plaintiff can prove direct evidence of age discrimination. *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004).

The plaintiff may establish a prima facie hostile work environment claim by showing: 1) she belongs to a protected class; 2) the conduct was unwelcome; and 3) the conduct was severe or pervasive enough to alter her employment conditions and create an abusive work environment. *Vasquez v. City of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). The framework for hostile work environment claims are the same under Title VII and ADEA. *Sischo-Nownejad v. Merced Community College*, 934 F.2d 1104, 1109 (superceded by statute on other grounds).

To establish a prima facie case of retaliation, the plaintiff must show she engaged in a protected activity, that her employer then subjected her to an adverse employment action, and that there was a causal link between the two. *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984).

B.  Analysis

Liberally construed, plaintiff's complaint alleges discrimination, harassment, and retaliation based on sex, national origin, and age in violation of Title VII and the ADEA.

1.  Discrimination

Plaintiff alleges that defendant's termination of her employment and failure to

4

promote her were the result of unlawful discrimination based on sex, national origin, and age. Plaintiff also claims her unequal treatment was based on her sex, a protected category under Title VII. 42 U.S.C. § 2000e-2(a)(1). She alleges that the other 10 employees were all men and were not subject to similar treatment. Plaintiff also alleges unequal treatment based on her national origin, a protected category under Title VII. 42 U.S.C. § 2000(e)-2(a)(1). While plaintiff's amended complaint does not state her national origin, this fact may be determined in discovery.[1] Furthermore, plaintiff claims unequal treatment based on her age, a protected category under ADEA, but not Title VII. 29 U.S.C. § 631(a); 42 U.S.C. § 2000(e)-2(a)(1).

Plaintiff's failure to cite ADEA is not fatal to her complaint because discrimination based on age is clearly prohibited by ADEA. *See Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969) (plaintiff is not required to plead the specific provision conferring jurisdiction if she sets forth in the complaint facts giving the court jurisdiction); *see also Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161-62 (9th Cir. 2005). Moreover, whether plaintiff is a member of the protected class under ADEA is a discoverable fact.[2]

Plaintiff's 1AC does not fully establish prima facie discrimination claims. However, plaintiff is not required to plead a prima facie case. *Swierkiewicz*, 534 U.S. at 510-11. Plaintiff's 1AC alleges claims that could entitle her to relief under Title VII and ADEA. Under the circumstances, such facts satisfy the liberal pleading requirements afforded pro se litigants bringing civil rights claims.

2. Harassment

Plaintiff claims defendant created a hostile work environment by subjecting her to harassment and intimidation based on her sex, national origin, and age. Plaintiff's 1AC

---

[1] Plaintiff's EEOC complaint, which was attached to her original complaint, states her national origin as Chilean.

[2] Plaintiff's EEOC complaint states plaintiff is over 40 years old and therefore a member of the protected class under ADEA. 29 U.S.C. § 631(a).

lists numerous incidents that were allegedly unwelcome and pervasive enough to create an abusive work environment. The facts alleged are not so "clearly baseless," "fantastic," or "delusional" to warrant dismissal. *Denton*, 504 U.S. at 32-33. Rather, such facts, if true, could entitle plaintiff to relief under both Title VII and ADEA.

3. Retaliation

Plaintiff alleges defendant failed to renew her contract in retaliation for her complaints filed with UCSF and the EEOC. The pleadings list the dates that these complaints were filed, and allege that defendant leaked confidential information regarding her UCSF complaint. These facts are sufficient to put defendant on notice of retaliation claims upon which relief could be granted under Title VII.

## CONCLUSION

In accordance with the foregoing, the court hereby GRANTS plaintiff's application to proceed IFP. IT IS FURTHER ORDERED that the U.S. Marshal for the Northern District of California serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon the defendant.

**IT IS SO ORDERED.**

Dated: October 16, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge